Burket, J.
This case was tried to a jury three times, and three judgments rendered in favor of the plaintiff below. The case was three times before the circuit court, and twice before this court. The second judgment in the common pleas was reversed by the circuit court, on the ground that the verdict was not sustained by sufficient evidence; and that judgment of reversal was affirmed by this court.
It is claimed now by plaintiff in error, that the evidence upon which the last verdict in the common pleas was. rendered, is substantially the same as that upon which the second verdict was rendered, and as the circuit court found that the second verdict was not sustained by sufficient evidence, it should have found that the last verdict was not sustained by sufficient evidence, and that failing to so find is error.
The defendant in error claims that the evidence in the last trial was much stronger in his favor *563 than at the second trial, and that.the last verdict is sustained by sufficient evidence.
Be that as it may, the circuit court affirmed the last judgment, and thereby said that the evidence was sufficient .to sustain the. verdict.. Even conceding. that the evidence in the. second and third trials was the same, the rule is that the last judgment controls. The circuit court may have concluded that its former judgment was wrong, and in this last judgment concluded to right the wrong. This court, not being required to weigh the evidence, did not examine the evidence when this case was here the first time, to see whether the circuit court was right or wrong as to the verdict no.t being sustained by sufficient evidence; neither do we now weigh the evidence to ascertain whether the last verdict was sustained by sufficient evidence. The judgment of the circuit court on that question is usually final.
The charge of the court excepted to is as follows:
“If the jury find, from the evidence, that the plaintiff, pursuant to the direction or request of the conductor of defendant’s train, attempted to assist in the carrying of Mr. Shawley from the passenger coach to'the caboose, and that, in so doing, he used reasonable, care, and was injured by reason of exposure to a danger of which he was not aware, and of which the servants of defendant, if exercising only reasonable care, would have known of, and either protected him from or gave him timely and adequate warning of; then in that case, defendant is liable for the injury .resulting from exposure to such danger.” .
. On part, of plaintiff in error it is urged, in support of the exception to. this part of the charge, *564 that the conductor had no control over Mr. Salzman to order him to do anything in aid of the sick man; that as Mr. Salzman was not bound to obey the orders of the conductor in that regard, whatever he did was purely voluntary on his part, and that he assumed all the risks incident to his voluntary acts, and that the conductor had no authority to bind the company in giving orders as to the sick man.
On part of defendant in error it is urg-ed, that there is no- difference in the obligation of • the company, whether the removal of the sick man was undertaken by the direction and order of the conductor, or simply by his permission; that the duty devolved upon the company to take reasonable care of the sick passenger on its train, and that when other passengers assisted the officers of the train in the performance of that duty, the company owed to such assisting passenger's the obligation of ordinary care to prevent injury to them.
If no duty devolved upon the company to take reasonable care of the passenger who became sick on its train, then neither the order, direction or permission bound the company, because such order, direction or permission was not within the scope of his employment, and not in the line of his duties.
The case therefore turns upon the question, whether or not a duty devolves upon a railroad company to take reasonable care of passengers who become sick after entering its cars. ■
In travel by ship, care and medical attendance are always provided' by the company, as one of the necessities of the journey. In travel by rail, no such necessity exists, and therefore a railroad company is under no obligation to furnish hospi *565 tais on wheels, or physicians or nurses to attend the sick on their journeys. But without hospitals, and without physicians and nurses of their own, still much can be done to alleviate the pains ■ and aches of a sick, passenger. While the train is in motion, the passenger is utterly helpless as to aid, except from those on the train. His fellow passengers owe him no duty, except humanity. The alternative is presented of being cared for by his fellow passengers, by the company, or to writhe in pain and sickness until relieved by death, or the end of his journey. By taking passage and paying his fare the relation of carrier and passenger is established between the company and himself, and as he is under the control of the company for many purposes, and debarred by the rapid movement of its trains from receiving aid from the outside world, it would seem to follow as a necessity of the situation that those who have received his money, and are thus rapidly transporting him, should assume the obligation of taking reasonable care of him, in case of sickness while on the train. This obligation is on the company, not only for the benefit of the sick person, but also for the comfort, and sometimes the safety of the other passengers. A sick person by his cries and moans, may so annoy the other passengers as to require his removal to a separate apartment, or from the train. In ease of small-pox or cholera, or other contagious disease, the comfort and safety of the other passengers would demand the early removal of the afflicted passenger from the train. The company would in such case be charged with the duty of removal, and reasonable care thereafter, until the afflicted person could be otherwise eared for. A., T. & Sante Fee R. R. v. Weber, 33 *566 Kansas, 543; 52 Am. Reports, 543; Conolly v. Crescent City R. R. Co., 41 La. An. Reports, 57.
It is therefore clear that the company owed a duty to the sick passenger, and was under obli- . gation to take reasonable care of him — such care as was fairly practicable with the facilities at hand, without unreasonable delay of the train, or discomfort to the other passengers.
The defendant in error assisting in the care of such sick person by direction or permission of those in charge of the train, was entitled to at least ordinary care on their part for his protection from injury. There was, therefore, no error as against the defendant below in the part of the charge excepted to.
In fact, the charge throughout was much more favorable to plaintiff in error, than to defendant in error.
There was also an exception to another part of the charg-e, but when taking- in connection with the whole charge, there was no error.
The verdict, $9,100.00, seems large, but if too large, a remittitur ’ should have been ordered by the court of common pleas, or the circuit court.
After the amount of a verdict, in an action not founded on contract, has had the sanction of a jury, and both the common pleas and circuit courts, this court will not usually interfere to reduce the amount.'

Judgment affi/rmed.